IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT COLON, | ) | CASE NO. 1:08 CV 2273 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondents. | ) | **AND ORDER** |

## Introduction

Before me is a motion[1] by habeas petitioner Vincent Colon to stay proceedings in his state criminal trial scheduled to commence October 6, 2008, pending resolution of his federal habeas claim.[2] The State has filed a return of writ also opposing the motion to stay.[3] In a marginal entry, I have denied Colon's motion as without merit,[4] indicating that this Memorandum Opinion and Order would follow that order.[5]

---

[1] ECF # 2.

[2] ECF # 1.

[3] ECF # 5.

[4] ECF # 6.

[5] *Id.*

**Facts**

The facts are straightforward and not disputed. In 2005, Colon was indicted in Cuyahoga County Common Pleas Court on one count of robbery.[6] The charge arose out of an altercation between Colon and 76 year-old Samuel Woodie in Woodie's driveway, during which Colon took, or attempted to take, the victim's wallet.[7] After a jury trial, Colon was convicted on this one count of robbery and sentenced to seven years in prison.[8]

Colon appealed from that conviction, asserting, among other things, that the indictment was constitutionally defective because it did not include an essential *mens rea* element for the robbery charge.[9] The Ohio appeals court affirmed the conviction, but vacated Colon's sentence, remanding the matter for resentencing.[10] The appellate court also certified the question as to whether a criminal defendant must raise the issue of a defective indictment at trial or be deemed to have waived such objection on appeal.[11]

The Supreme Court of Ohio, after determining that a conflict did exist as to the certified question, accepted Colon's appeal and then reversed the decision of the appellate court.[12] Specifically, the Ohio Supreme Court held that, where an indictment fails to charge a *mens rea*

---

[6] ECF # 1 at 2.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3-4.

[12] *Id.* at 4.

element of a crime and the defendant fails to raise that defect during trial, the matter is not waived because such a defect is a structural error that permeates the entire criminal proceeding.[13] After the State filed a motion to reconsider, the Ohio Supreme Court issued a second decision in this case, re-affirming its earlier holding reversing Colon's conviction and clarifying its ruling concerning the effect of a defective indictment for future cases.[14]

Subsequent to the Ohio Supreme Court's second and final decision in this case, Colon was re-indicted for the robbery of Samuel Woodie on August 19, 2008.[15] Colon thereupon moved to dismiss the new indictment, alleging that it subjected him to double jeopardy.[16] Specifically, Colon contended in this motion to dismiss, as he does in his petition for federal habeas relief, that since theft is a lesser-included offense of robbery, the jury at his first trial "necessarily considered all the elements of theft or attempted theft and implicitly found him guilty of that lesser-included offense."[17] Therefore, he argued that, due to this implied conviction for misdemeanor theft, he may not now be retried for the greater offense of felony robbery without impermissibly subjecting him to unconstitutional double jeopardy.[18]

---

[13] *Id*. at 4-5.

[14] *Id.* at 5.

[15] *Id.* at 5-6.

[16] *Id*. at 6.

[17] *Id.* at 10.

[18] *Id*.

The State opposed the motion to dismiss the indictment.[19] In that opposition, the State maintained initially, as it does here, that Colon himself had requested re-indictment and retrial on the robbery charge, explicitly assuring the Ohio Supreme Court during oral argument on his appeal that a retrial would not be barred by double jeopardy concerns.[20] Moreover, the State argued that the notion of an "implied" conviction is not founded in Ohio law, since there must be a verdict of guilty and a valid sentence before a defendant is deemed convicted of anything.[21] Finally, the State asserted that "black letter constitutional law holds that retrial following appellate reversal of a conviction for any other reason than sufficiency of the evidence is not jeopardy barred."[22]

The state trial court thereupon held a hearing on Colon's motion to dismiss and overruled the motion.[23] Colon then sought relief in this Court, filing both his petition for federal habeas relief[24] and the motion to stay proceedings in the Ohio court pending adjudication of the federal habeas claim.[25] As noted previously, the State responded in a consolidated return of writ and brief in opposition to the motion to stay.[26] As also noted previously, because the start of Colon's state trial

---

[19] ECF # 5 at 9.

[20] *Id*.

[21] *Id.* at 9-10.

[22] *Id*. at 10.

[23] *Id.*

[24] ECF # 1.

[25] ECF # 2.

[26] ECF # 5.

was imminent, I denied Colon's motion to stay in a brief Order[27] pending issuance of this Memorandum Opinion.

## Analysis

**1.     Standard of review – federal stays of state court criminal proceedings**

Initially, I note that 28 U.S.C. § 2251 expressly authorizes a federal court to stay state criminal proceedings if a federal habeas petition is pending. Specifically, the statute provides that a federal judge before whom a habeas corpus proceeding is pending may "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas proceeding."[28]

As the Sixth Circuit stated in *Ballard v. Stanton*,[29] a federal court addressing a motion to enjoin state court criminal proceedings under this statute must make two determinations: (1) whether the movant has as adequate remedy in state law to address the constitutional claims presented, and (2) if not, whether nevertheless there are extraordinary circumstances that warrant federal intervention in a pending state criminal prosecution.[30] These factors, according to *Ballard*, "must be applied so as to protect against undue influence by federal courts in the conduct of state judicial proceedings."[31]

---

[27] ECF # 6.

[28] 28 U.S.C. § 2251(a)(1).

[29] *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987).

[30] *Id*. at 594 (citation omitted).

[31] *Id*. (citation omitted).

In that regard, the Supreme Court has repeatedly stated, "in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient [to stay such proceedings] unless it is 'both great and immediate.'"[32] As regards the issue of what constitutes a "great and immediate" harm sufficient to warrant federal interference with a state criminal proceeding, I note that the right to be free from double jeopardy is a "right [that] cannot be fully vindicated on appeal following final judgment"[33] because "it protects not only against conviction twice for the same offense, but also protects against being put on trial twice for the same offense."[34]

**2.    Colon's motion to stay is without merit**

An Ohio court's denial of a pre-trial motion to dismiss on double jeopardy grounds is, as Colon suggests, not a final appealable order.[35] Thus, under the first *Ballard* inquiry as to whether the movant for a stay has any adequate state law remedy, it appears that Colon does not have an adequate state remedy for his constitutional claim since nothing is now available to him in Ohio courts that could review the denial of his motion to dismiss and stop his retrial for robbery. Accordingly, further inquiry by this Court into the second *Ballard* factor is proper.

In addressing that second factor of "extraordinary circumstances," however, Colon fails to establish a basis for a stay. The clear, settled teaching of the Supreme Court is that "the Double

---

[32] *Younger v. Harris*, 401 U.S. 37, 46 (1971) (quoting *Fenner v. Boykin*, 271 U.S. 240 (1926).

[33] *Justices of the Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-303 (1984).

[34] *Jackim v. Ohio*, No. 1:07-cv-3139, 2007 WL 4270595, at *4 (N.D. Ohio, Dec. 3, 2007) (citing *Lydon*).

[35] *Marshall v. Ohio*, 443 F. Supp. 2d 911, 915 (N.D. Ohio, Aug. 7, 2006).

Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction."[36] The only recognized exception is that when a defendant's conviction was reversed on the sole ground that the evidence was insufficient to support the verdict, the Double Jeopardy Clause will bar retrial on the same charge.[37]

Here, Colon himself sought appellate review of his conviction for robbery on the grounds of a defective indictment. According to the rule pronounced in *Nelson*, the constitutional protection against double jeopardy should not bar the State from retrying Colon on that same charge.

Colon, though, posits a novel theory that a retrial here may subject him to a second conviction for the lesser-included offense of theft because: (1) he was "implicitly" found guilty of theft during the first trial for robbery, and (2) that implicit conviction was not affected by the Ohio Supreme Court's reversal of the robbery conviction.[38] Notwithstanding this creative assertion, as the State notes[39] there can be no legally cognizable conviction in Ohio without a finding of guilt and a sentence.[40] Inasmuch as it is not disputed that Colon was neither found guilty of theft by any judge

---

[36] *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988); *United States v. Scott*, 437 U.S. 82, 90-91 (1978).

[37] *Burks v. United States*, 437 U.S. 1, 18 (1978).

[38] ECF # 2 at 2.

[39] ECF # 5 at 14.

[40] *State v. Carter*, 64 Ohio St. 3d 218, 222 (1992), (citing *State v. Henderson*, 51 Ohio St. 2d 171, 365 N.E.2d 887 (1979)).

or jury nor sentenced by any court on the basis of such a finding, he cannot be considered convicted of theft.

Accordingly, there is no reason why the State of Ohio may not retry Colon for the offense of robbery, since Colon sought and obtained reversal of his earlier conviction on that charge on the basis of an improperly worded indictment, not on the basis of insufficient evidence.

## Conclusion

For these reasons, I conclude, as previously ordered, that Colon's motion to stay criminal proceedings against him in the Ohio trial court is without merit and is, therefore, denied.

IT IS SO ORDERED.

Dated:  10/21/08                                               s/ Peter C. Economus
                                                               United States District Judge